**LABOR LAW**

**MANDATORY DIRECT DEPOSIT OF WAGES IMPERMISSIBLE UNDER MARYLAND WAGE PAYMENT AND COLLECTION LAW**

February 18, 1994

*The Honorable Jean W. Roesser*
*House of Delegates*

You have requested our opinion concerning the legality of a private employer's mandatory direct deposit program for the payment of wages.

For the reasons stated below, we conclude that such a mandatory direct deposit program would violate Maryland law. An employer may encourage employees to agree to direct deposit but may not mandate the use of direct deposit as a condition of employment.

**I**

**Analysis**

The Maryland Wage Payment and Collection Law, Title 3, Subtitle 5 of the Labor and Employment ("LE") Article, Maryland Code, was enacted by Chapter 686 of the Laws of Maryland 1966. One provision of the law, former Article 100, §94(b) of the Code, provided as follows: "Payment of wages or salaries shall be in lawful money of the Untied States or check payable at face value upon demand in lawful money of the United States." The term "shall" was unmistakably meant as a mandate to employers to pay their employees in cash or by check.

No form of direct deposit was lawful under the Wage Payment and Collection Law as originally enacted. Under a direct deposit program, an employee receives neither cash nor a check. Instead, the employee receives a notice that a sum equaling the wages owed has been deposited in the employee's bank account.

Recognizing the stringency of the law, the General Assembly amended it in Chapter 142 of the Laws of Maryland 1974 to create the following exception to the "cash or check" limitation: "Nothing contained in this section shall prohibit the direct deposit of an employee's wages or salary to the employee's personal bank account when so authorized by the employee." The exception was codified at former Article 100, §94(b)(4).[1] As of 1974, therefore, an employer had three options: cash; check; or direct deposit, but only "when so authorized by the employee." The evident intent was to allow employees who found direct deposit more convenient to accept that form of payment from the employer. There is no basis for the inference that the General Assembly meant to subject employees who did not want direct deposit to be compelled to accept it nonetheless. An employer's order that an employee agree to direct deposit is not at all the kind of employee authorization that the statute contemplated.

The law today remains essentially as it was after the 1974 amendment. The general rule is stated in LE §3-502(c):

> Each employer shall pay a wage:
>
> (1) in United States currency; or
>
> (2) by a check that, on demand, is convertible at face value into United States currency.[2]

The sole exception is set out in LE §3-502(d): "This section does not prohibit direct deposit of the wage of the employee into a personal bank account of the employee in accordance with an authorization of the employee." The Revisor's Note states that the section is "new language *derived without substantive change* from former Art. 100, §94(b)." (Emphasis added.)

---

[1] The "cash or check" requirement was codified at the time at former Article 100, §94(b)(3).

[2] The term "employer" means "any person who employs an individual in the State or a successor of the person." LE §3-501(b). The term "person" is defined in LE §1-101(d).

## II

## Conclusion

In summary, it is our opinion that the Maryland Wage Payment and Collection Law authorizes an employer to offer a voluntary direct deposit program to employees and to encourage its use, but does not allow an employer to require employees to participate in a direct deposit program.[3]

> J. Joseph Curran, Jr.
> *Attorney General*
>
> Jack Schwartz
> *Chief Counsel*
>  *Opinions & Advice*

---

[3] In light of this conclusion about State law, we need not consider whether mandatory direct deposit is permissible under federal law.